Dear Mr. Napper:
On behalf of the State Treasurer, you requested the opinion of this office concerning the Health Care Facility Fund (the "Fund") created in the State Treasury by Act 1390 of the 1997 Regular Session of the Legislature ("Act 1390"). Act 1390 enacted La.R.S. 40:2199 which established the Fund, provided for civil fines to be collected by the Department of Health and Hospitals, for the fines to be deposited into the Fund, and for monies in the Fund at the end of each fiscal year to remain in the Fund. In this regard, Subsection F(1) of this statute, asenacted, provided:
 "Civil fines collected under the provisions of this Section shall be deposited in a special fund in the state treasury to be known as the Health Care Facility Fund. Monies in the fund shall be subject to appropriation by the legislature and shall be available exclusively for use by the Department of Health and Hospitals for investigations of complaints and enforcement of sanctions against health care facilities licensed by the department. All unexpended and unencumbered monies in the fund at the end of the fiscal year shall remain in the fund. Such monies shall be invested by the state treasurer in the same manner as monies in the state general fund, and interest earned on the investment of these monies shall be credited to the fund after compliance with the requirements of Article VII, Section 9(B) of the Constitution of Louisiana relative to the Bond Security and Redemption Fund."
Act 1185 of the 2001 Regular Session of the Legislature ("Act 1185"), effective July 1, 2001, abolished the Fund in Section 11 thereof, and the provisions of Subsection F(1) of La.R.S. 40:2199 were amended and reenacted in Section 4 thereof to provide:
 "Civil fines collected under the provisions of this Section shall be deposited in the state general fund after compliance with the requirements of Article VII, Section 9(B) of the Constitution of Louisiana relative to the Bond Security and Redemption Fund."
Section 13 of this Act also directed the Treasurer to transfer any balances in the abolished Fund to the State general fund.
Act 12 of the 2001 Regular Session of the Legislature, the general appropriations bill for Fiscal Year 2001-2002, effective July 1, 2001, contained an appropriation from the Fund to the Department of Health and Hospitals in the amount of $16,000, notwithstanding and without any mention or reference to the provisions of Act 1185.
The Treasury funded this appropriation in accordance with Act 12, and it was fully drawn upon by the Department of Health and Hospitals on June 14, 2002.
Act 13 of the 2002 Regular Session of the Legislature, the general appropriations bill for Fiscal Year 2002-2003, effective July 1, 2002, contained another appropriation from the Fund to the Department of Health and Hospitals in the same amount of $16,000 again notwithstanding and without any mention or reference to the provisions of Act 1185. The Treasury has not yet funded this second appropriation.
Additionally, the Treasury has not yet abolished the Fund or transferred the balance of monies in the Fund to the State general fund. The Fund has a current balance of $20,109.00, as of July 17, 2002. The Treasury must close the financial and accounting books for Fiscal Year 2001-2002 prior to August 15, 2002.
Your questions are: which Act of the 2001 Regular Session, Act 12 or Act 1185, should prevail and be followed with respect to the Fund, the monies therein and the appropriation therefrom for Fiscal Year 2001-2002? In other words, should the above mentioned funded appropriation from the Fund under Act 12 be reversed, the Fund abolished from the Treasury, and the balances in the Fund, after the reversal of the funded appropriation, transferred to the State general fund, as seemingly required by Act 1185? Or, should the funded appropriation under Act 12 stand as made, despite the provisions of Act 1185?
If the latter of the above is correct, should the Fund now be abolished from the Treasury and the current balances in the Fund transferred to the State general fund? If not, when should the Fund be abolished from the Treasury and the balances therein transferred to the State general fund, (if at all in view of the recent second appropriation therefrom as above mentioned in Act 13 of the 2002 Regular Session), so as to give effect to Act 1185? If not already answered in your responses to the above questions, how should the second appropriation made from the Fund in Act13 of the 2002 Regular Session be handled, that is, should it be funded by the Treasury and from what source? Finally, is there another correct interpretation of the apparently conflicting provisions of the above Acts, not contemplated or covered by the above questions, that the Treasury should properly follow?
An appropriation is a legislative act of authorization for the withdrawal of public funds by warrant from the state treasury by designated officers or institutions for expenditure for certain public purposes specified by the legislature. La. Const. Art. III, § 16; Op.Atty.Gen. 91-174. An appropriation is only an authorization to withdraw public funds from the state treasury. The facts as you described in your request are that the actual withdrawal of the funds did not occur until June 14, 2002, well after the legislative abolition of the Fund on July 1, 2001. Accordingly, if there is a mechanism to reverse the payment of the Act 12 appropriation from the Fund, we suggest that your office take the appropriate action to reverse the payment and transfer any balance in the Fund to the State general fund, as required by Act 1185. As the Fund is abolished and the monies transferred to the State general fund, the Treasurer cannot pay the appropriation contained in Act 13 from the Fund to the Department of Health and Hospitals.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv
DATE RELEASED: August 13, 2002